**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-03577-001-TUC-CKJ (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Manuel Fernando Florez, Jr., | |
| Defendant. | |

Before the Court is Defendant Manuel Fernando Florez Jr.'s Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 76) For the reasons that follow, Defendant's motion is DENIED, and this case remains closed.

## BACKGROUND

On May 11, 2012, Defendant pleaded guilty to one count of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 44) On October 29, 2012, Defendant received a sentence of 120 months' incarceration on the possession of a firearm charge and 30 months' incarceration on the possession with intent to distribute charge. (Doc. 53) The sentences ran consecutively for a total of 150 months in prison. *Id.* A little over one year prior to sentencing, Defendant had been arrested for selling firearms, ammunition, and cocaine to an undercover agent on at least four separate occasions. (Doc. 144 at 6-7) At

the time of the contraband sales to the undercover agent, Defendant was already a convicted felon with a lengthy criminal history including a prior conviction for possessing a firearm during a drug trafficking offense. *Id*. at 6.

## PROCEDURAL HISTORY

On March 26, 2021, the Federal Public Defender filed a Motion for Appointment of Counsel Under General Order 20-28. (Doc. 72) On March 30, 2021, the Court entered an Order appointing CJA panelist Frederick Michael Carrillo to file a motion for compassionate release on Defendant's behalf. (Doc. 73) On May 7, 2021, Defendant filed his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 76) On May 21, 2021, the Government filed its Response to Defendant's Motion for Compassionate Release. (Doc. 77) This Order follows.

## LEGAL STANDARD

"In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020). On December 21, 2018, "[e]ight years after the Fair Sentencing Act, Congress enacted the First Step Act to implement various criminal-justice reforms." *Id*. at 472. "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Timothy A. Scott & Larry A. Burns, *Ninth Circuit Criminal Handbook* § 14.18[3] (2020). Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

A court's reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The United States Court of Appeals for the Ninth Circuit has interpreted the First Step Act as "not permitting a plenary resentencing hearing" but instead allowing a district court to engage in a limited counterfactual inquiry. *Kelley*, 962 F.3d at 475-76. Notwithstanding a court's limited counterfactual inquiry, the Act itself grants federal courts broad discretion in determining whether to grant compassionate release. *See* First Step Act, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (internal quotation marks, alterations, and citation omitted) ("The FSA grants broad discretion to the district courts in providing relief.").

Section 3582, as amended by the First Step Act, provides:

> **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--(1) in any case--(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C.A. § 3582(c)(1)(A) (West). The Ninth Circuit recently ruled that "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant. The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021).

When assessing whether a defendant remains a danger to the community, the compassionate release statute directs the BOP to consult the factors listed in 18 U.S.C. § 3142(g). *Id.* § 3582(c)(1)(A)(ii). Presumably, these factors may also "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 2021 WL 1307884, at *4. The factors include: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . , or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). It is the defendant's burden to prove that he would not pose a danger to the safety of the community if released.[1]

## DISCUSSION

Defendant is 42 years old and alleges that he is morbidly obese, suffers from diabetes and high blood pressure, and is on a pain management regime for injuries to his shoulder and back. (Doc. 76 at 4) Defendant files his motion for compassionate release arguing that his prison sentence should be reduced to time served because he (i) suffers from underlying health conditions increasing his risk of COVID-19 infection and complications; (ii) has attended classes and counseling while incarcerated; (iii) has completed courses in stress management, understanding the brain, and parenting while

---

[1] *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("As a general matter, principles as to the allocation of burden of proof rest on goals and access . . . If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D. N.Y. 2020) (cleaned up) (finding that the defendant "has the burden of showing that extraordinary and compelling reasons to reduce his sentence exist").

incarcerated; (iv) has served nearly 10 years of his prison sentence; and (v) no longer poses a threat to the safety of the community if released. *Id.* at 2-5. In response, the Government argues that Defendant's motion should be denied because he has failed to exhaust administrative remedies before filing, he has failed to demonstrate extraordinary and compelling reasons warranting immediate release; he continues to pose a danger to the community if release; and because the § 3553(a) sentencing factors weigh against reducing his sentence. (Doc. 77) The Court agrees with the Government, finds that the § 3553(a) sentencing factors weigh against his early release, and denies Defendant's motion for compassionate release.

Assuming *arguendo* that Defendant demonstrated that he exhausted his administrative remedies before filing the motion at hand (which he has not), and has demonstrated that he suffers from the medical ailments which he alleges (which he has not), the Court finds that the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh against Defendant's early release. Over a twelve-year period, Defendant engaged in a series of escalating serious criminal offenses which included both drug and firearm convictions. Defendant went to considerable lengths to repeatedly sell firearms and drugs to an undercover agent. Defendant committed the crimes in question shortly after being released from prison for violating the terms of supervised release for a different felony conviction—one involving a firearm and the distribution of a controlled substance. Additionally, the Court sentenced Defendant to a term of imprisonment as outlined in the plea agreement. Finally, Defendant has failed to meet his burden of proof demonstrating that he no longer poses a danger to the safety of the community if released. Accordingly, Defendant's motion for compassionate release is denied.

**IT IS ORDERED:**

1. Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 76) is DENIED.

2. This case remains closed.

3. The Clerk of Court is directed to send a copy of this Order to Defendant at the following address:

**Manuel Fernando Florez, Jr., #10784-196**
**FCI Beaumont Low**
**P.O. Box 26020**
**Beaumont, TX 77720**

Dated this 22nd day of June, 2021.

_____
Honorable Cindy K. Jorgenson
United States District Judge